

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 3

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DANIEL HALL,                     §
                                 §
            Movant,              §
                                 §
VS.                              §   NO. 4:09-CV-497-A
                                 §   (NO. 4:07-CR-003-A)
UNITED STATES OF AMERICA,        §
                                 §
            Respondent.          §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Daniel Hall

("Hall"), under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence.  Having reviewed the motion, the government's response,

the record, and the applicable legal authorities, the court

concludes that the motion should be denied.[1]

I.

Background

On May 4, 2007, Hall pleaded guilty to count six of the

superseding indictment, charging him with one count of possession

of a controlled substance with intent to distribute in violation

---

[1]In conjunction with the motion to vacate Hall also filed a motion to proceed in forma pauperis.
As no filing fee is required for filing a motion pursuant to 28 U.S.C. § 2255, the motion to proceed in
forma pauperis is denied as moot. See Rule 3 of the Rules Governing Section 2255 Proceedings in the
United States District Court, advisory committee's notes.  ("There is no filing fee required of a movant
under these rules.").

1

of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The court on August 24,

2007, sentenced Hall to 262 months' incarceration, to be followed

by a term of supervised release of five years.  Hall timely

appealed, and the Fifth Circuit affirmed his conviction and

sentence on April 23, 2008.  United States v. Hall, 275 F. App'x

343 (5th Cir. Apr. 23, 2008).  The Supreme Court denied Hall's

petition for writ of certiorari on October 6, 2008.  Hall timely

filed the instant motion.

II.

## Grounds of the Motion and Analysis

Hall contends that he was denied effective assistance of

counsel that rendered his guilty plea unknowing and involuntary

because his counsel failed to inform him of the consequences of

his plea, failed to object to the enhancements used by the court

to increase his sentence, and advised him to testify on his

behalf which resulted in a three-point increase for obstruction

of justice.

To prevail on his ineffective assistance of counsel claim,

Hall must show that (1) his attorney's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

2

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Both

prongs of the Strickland test must be met to demonstrate

ineffective assistance.  Id. at 687.  Further, "[a] court need

not address both components of an ineffective assistance of

counsel claim if the movant makes an insufficient showing on

one."  United States v. Stewart, 207 F.3d 750, 751 (2000).  In

the context of a guilty plea, in order to prove prejudice, Hall

"must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59

(1985).  Judicial scrutiny of this type of claim must be highly

deferential, and the movant must overcome a strong presumption

that his counsel's conduct falls within the wide range of

reasonable professional assistance.  Strickland, 466 U.S. at 689.

    Hall claims his guilty plea was unknowing and involuntary

because his attorney failed to inform him of the consequences of

his plea, advised him that whether or not he testified he would

still receive a three-level reduction for acceptance of

responsibility, and failed to apprise him as to the quantity of

drugs that would be attributed to him at sentencing and the

length of sentence he would receive.

    For a guilty plea to be knowing and voluntary, the defendant

must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts Hall's claims. At his rearraignment Hall waived the reading of the indictment, but

testified that before signing the factual resume and plea
agreement he read each one, understood what each document was
before he signed it, discussed the legal significance of them
with his attorney, and discussed with his attorney how the
sentencing guidelines might apply in his case.   Rearraignment Tr.
at 7, 12-13.   Hall stated in open court that he entered into the
plea agreement voluntarily and of his own free will, and the
court expressly found the plea was knowing and voluntary.   Id. at
20, 23.   Under these facts, it is clear that Hall knew the
consequences of his plea as contemplated by Fifth Circuit, and
the court cannot now conclude that Hall's plea was anything other
than knowing and voluntary.

     Hall also claims his attorney advised him that whether or
not he testified at sentencing he would still receive a three-
level reduction for acceptance of responsibility.   Again, the
record contradicts Hall's claims.   Prior to Hall testifying at
sentencing his counsel confirmed in response to the court's
questioning that he had apprised Hall that false testimony could
result in a two-level increase in his offense level, that by
testifying Hall would enhance his risk of losing acceptance of
responsibility, and that testifying falsely could significantly

increase his sentence.   Sentencing Tr. at 5.   Hall's claim is
without merit.

Hall also claims his counsel misinformed him as to the
length of sentence he could receive and as to the amount of drugs
that would be attributed to him at sentencing.   At rearraignment
Hall testified that he understood "exactly" the charge against
him, that he and his attorney had discussed how the sentencing
guidelines might apply to his case, that he understood the
penalties to which he would be subjecting himself by pleading
guilty, and that he had received no guarantees or promises as to
any sentence the court might impose.   Rearraignment Tr. at 7, 16-
17, 19.   Hall further testified at rearraignment that he
understood the court was not bound by any facts stipulated to
between Hall and the government, and that the court could impose
punishment that might disregard stipulated facts or take into
account facts to which Hall had not stipulated.   Id. at 7.
Hall's unsubstantiated assertions in his motion fail to show
counsel rendered ineffective assistance.

Hall also contends that his counsel rendered ineffective
assistance for failing to object to the enhancements to his
sentence and that such enhancements, rendered by the court on its
own findings of fact without a jury, violated the requirements of

United States v. Booker, 543 U.S. 220 (2005).  Contrary to Hall's argument, Booker does not "impede a sentencing judge from finding all facts relevant to sentencing," and the court may make such factual findings under a preponderance of the evidence standard. United States v. Duhon, 541 F.3d 391, 396 (5th Cir. 2008) (quoting United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005)).  "[A] sentence falling within a properly calculated guideline range . . . is presumptively reasonable."  United States v. Cisneros-Gutierrez, 517 F.3d 751, 766 (5th Cir. 2008).

Here, the court properly accepted the findings of the presentence report, including a finding of the quantity of drugs now challenged by Hall.  The court also found the range of imprisonment to be 262 to 327 months, and sentenced Hall at the bottom of the guideline range to 262 months imprisonment.  Hall's sentence is presumptively reasonable.  Hall has adduced nothing as would show that but for the result of counsel's errors the proceeding would have been different or that he would not have pleaded guilty and would have insisted on going to trial.

III.

ORDER

Therefore,

The court ORDERS that Hall's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Hall has not made a substantial showing of the denial of a constitutional right.

SIGNED January 13, 2010.

JOHN McBRYDE
United States District Judge